IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Angelo Ham, | Case No.: 6:24-cv-04040-JD-KFM |
| Plaintiff, | |
| vs. | ORDER AND OPINION |
| B. Antonelli, K. McKnight, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald (DE 8), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report concerns the Magistrate Judge's pre-service screening of Plaintiff Angelo Ham's ("Plaintiff" or "Ham") Complaint under 28 U.S.C. § 1915.[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary is provided for context.

Plaintiff, a state prisoner in the custody of the South Carolina Department of Corrections ("SCDC") and housed at Perry Correctional Institution ("Perry"), filed this *pro se* action under 42 U.S.C. § 1983 against Defendants B. Antonelli and K.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

McKnight. (DE 1.) Plaintiff alleges that Defendants denied him access to the courts, retaliated against him, discriminated against him, and subjected him to false imprisonment. (*Id.* at 4.) He claims the grievance staff failed to process his grievances and later retaliated against him when he refused to cooperate. (*Id.* at 4–5.) Plaintiff states the alleged events occurred at Lee Correctional Institution on May 6, 2024, and at Perry on June 10, 2024. (*Id.* at 5.) He seeks monetary damages for violations of his constitutional rights. (*Id.* at 6.)

### B. Report and Recommendation

On August 1, 2024, the Magistrate Judge issued the Report recommending denial of Plaintiff's motion to proceed in forma pauperis (DE 2). The Report further recommends that Plaintiff be afforded twenty-one (21) days to pay the filing fee, failing which the case should be dismissed. (DE 8 at 4.) Applying the liberal pleading standard for pro se litigants, *see Erickson v. Pardus*, 551 U.S. 89 (2007), the Magistrate Judge concluded that Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). (*See* DE 8, collecting cases.) Plaintiff objected to the Report on August 12, 2024. (DE 10.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule,

explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Plaintiff acknowledges in his objections that he did not allege imminent danger in his initial complaint. However, he contends that he was, in fact, in imminent danger because an inmate who previously assaulted him is also housed at Perry Correctional Institution. (DE 10 at 2.)

Plaintiff submitted a post-complaint affidavit asserting the following:

- He is currently incarcerated at Perry Correctional Institution.

- He was transferred from Lee Correctional Institution to Perry on May 13, 2024, and placed in a Restricted Housing Unit.

- About one week later, he met with an officer from the Office of the Inspector General investigating a prior lynching and stabbing incident, in which Plaintiff was the victim at McCormick Correctional Institution.

- During the meeting, Plaintiff informed the officer that he did not feel safe around the inmates.

- After being released from the Restricted Housing Unit, Plaintiff alleges he was threatened and harassed by an inmate and an associate, and he reported this to the Inspector General's Office on July 25, 2024.

(DE 10-1 at 1-2.)

3

While Plaintiff contends that these facts establish imminent danger, he does not dispute that his case is otherwise barred by the three-strikes rule. The PLRA provides:

> In *no event shall* a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). As correctly noted in the Report, the three-strikes rule prevents abuse of the in forma pauperis privilege by repeat filers. (DE 8 at 3.)

Although Plaintiff references post-complaint events, the relevant inquiry is whether he demonstrated imminent danger of serious physical injury at the time of filing or soon thereafter. *See Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) ("Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'").

Plaintiff has failed to connect his allegations of imminent danger to the named Defendants or to the conduct underlying this action. Additionally, no facts show that the events at McCormick Correctional Institution are related to this case. Accordingly, the Court finds Plaintiff's objections unavailing.

### E. Conclusion

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court adopts the Report (DE 8) in its entirety and incorporates it herein by reference.

It is therefore **ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (DE 2) is DENIED. Plaintiff shall have twenty-one (21) days from the filing of this Order to pay the full filing fee. Failure to do so will result in dismissal of this action without further notice.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 23, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.