IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Angelo Ham, ) | Case No.: 6:24-cv-04040-JD-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER AND OPINION |
| B. Antonelli, K. McKnight, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Plaintiff Angelo Ham's ("Plaintiff") Motion for Reconsideration of this Court's May 23, 2025, Order (DE 12) denying his motion to proceed in forma pauperis under 28 U.S.C. § 1915.[1] (DE 15.) Plaintiff contends the Court misinterpreted his allegations regarding grievances, retaliation, and transfer. For the reasons set forth below, Plaintiff's motion is denied.

## I.    BACKGROUND

On May 23, 2025, this Court entered an Order adopting the Magistrate Judge's Report and Recommendation and denying Plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g). (DE 12.) The Court concluded that Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), which bars him from proceeding without prepayment of the filing fee absent a showing of imminent danger of serious physical injury. The Court also noted

---

[1]    Plaintiff also seeks relief under Rule 60 of the Federal Rules of Civil Procedure ostensibly to vacate its order and to allow Plaintiff to proceed in forma pauperis.

1

that although Plaintiff raised post-complaint concerns,[2] he "failed to connect his allegations of imminent danger to the named Defendants or to the conduct underlying this action. Additionally, no facts show that the events at McCormick Correctional Institution are related to this case." (DE 12 at 4.) Accordingly, Plaintiff was directed to pay the full filing fee within twenty-one days. (DE 12.)

On June 9, 2025, Plaintiff filed the present Motion for Reconsideration, contending that the Court misinterpreted his allegations, that his transfer established a pattern of misconduct evidencing imminent danger, and that reconsideration is warranted to the extent he was ordered to pay the full filing fee. (DE 15.)

## II.     LEGAL STANDARD

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Specifically, the Court may reconsider its prior order only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Collison v. Int'l Chm. Workers Union,* 34 F.3d 233, 236 (4th Cir. 1994) (quoting another source).

"Clear error occurs when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 336–37

---

[2]     In his objections to the Report, Plaintiff submitted a post-complaint affidavit asserting that he was placed in a Restricted Housing Unit following his transfer, interviewed by the Office of the Inspector General, and later threatened and harassed by other inmates.

(4th Cir. 2008) (internal quotation marks omitted); *see also United States v. Martinez–Melgar*, 591 F.3d 733, 738 (4th Cir. 2010). Manifest injustice occurs when the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension ...." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted).

### III.    DISCUSSION

Plaintiff's motion does not satisfy any of the limited grounds warranting relief under Rule 59(e), nor does it justify relief under Rule 60(b).

### A.    No Intervening Change in Controlling Law

Plaintiff has not identified any intervening change in controlling legal authority that would warrant reconsideration of the Court's May 23, 2025, Order.

### B.    No New Evidence

Plaintiff presents no new evidence that was unavailable at the time of the Court's ruling. His assertions regarding retaliation, placement in the Restricted Housing Unit, and transfer to a facility housing inmates who previously assaulted him were already presented in his objections and considered by the Court. As the Court noted in its prior Order, while Plaintiff raised post-complaint concerns, he failed to connect those allegations to the named Defendants or to the conduct underlying this action, and no facts show that the events at McCormick Correctional Institution are related to this case. (DE 12 at 4.) Recasting those allegations does not transform them into "new evidence" for purposes of reconsideration.

**C.     No Clear Error of Law or Manifest Injustice**

Plaintiff has not shown a clear error of law or manifest injustice. The Court properly concluded that Plaintiff is barred by the "three strikes" provision of the PLRA, 28 U.S.C. § 1915(g), and that his allegations did not establish imminent danger of serious physical injury at the time of filing. *See Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (requiring specific factual allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury). Moreover, Plaintiff's argument concerning a partial filing fee is misplaced, as the Court did not impose a partial fee but instead directed payment of the full filing fee consistent with § 1915(g).

**D.     Rule 60(b)**

To the extent Plaintiff seeks relief under Federal Rule of Civil Procedure 60(b), that request is likewise unavailing. Rule 60(b) provides an extraordinary remedy that is available only in exceptional circumstances. *See McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991). Plaintiff has not shown mistake, newly discovered evidence, fraud, voidness, satisfaction of judgment, or any other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *United States v. Winestock*, 340 F.3d 200, 204 (4th Cir. 2003). In addition, Plaintiff has not made the threshold showing of a meritorious defense to the underlying determination. Accordingly, his motion does not warrant relief under Rule 60(b).

## IV. CONCLUSION

For these reasons, Plaintiff has failed to demonstrate any basis for relief under either Rule 59(e) or Rule 60(b). Accordingly, Plaintiff's Motion for Reconsideration (DE 15) is DENIED.

**IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 1, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.